UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14cv894 SNLJ |
| | ) |
| BELLFONTAINE HABILITATION | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Plaintiff Jerry Russell filed this discrimination lawsuit against defendants Bellefontaine Habilitation Center ("Bellefontaine"), Rebecca Post, Marcy Hargis, and Laura Wayer under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Defendants have moved to dismiss (#4, #14). Plaintiff has not responded, and the time for doing so has passed.

**I.    Background**

Plaintiff filed his pro se employment discrimination case on May 9, 2014. He alleges that he was denied basic reasonable accommodations and due process and that he suffered lost salary of $50,000. He also states that the defendants failed to promote him, failed to accommodate his disability, the terms and conditions of his employment were different from those of similar employees, and that he suffered retaliation and harassment. He also states that his salary was reduced in retaliation for his harassment complaint. He believes he was discriminated against on the basis of his race, national

1

origin, color, gender, and disability.  He identifies Bellefontaine, Rebecca Post (superintendent), Marcy Hargis (assistant superintendent), and Laura Wayer (fiscal officer) as defendants.  Plaintiff used the Court's Employment Discrimination Complaint form for his complaint, and the narrative section of the complaint, he states only that

> The aforementioned persons are Rebecca Post superintendent who is allowed to falsify statements, harass, and discriminate with the assistance of counsel Teresa Hess, and Laura Wayer, fiscal officer.

(#1 at p. 5.)   No other details regarding plaintiff's experience (or even plaintiff's particular

## II.     Legal Standard

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d

2

856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). With these principles in mind, the Court turns to the discussion.

### III. Discussion

Bellefontaine asserts that it is not an entity that is subject to suit. A local governmental entity, such as a department or subdivision, "which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions Federal Rule of Civil Procedure 17." *Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Bellefontaine is a facility administered by the Division of Mental Retardation and Developmental Disability, a division of the Department of Mental Health. § 630.003.5 RSMo. Plaintiff has previously attempted to sue Bellefontaine, and in that case it was explained that Bellefontaine "is not a suable entity, and is immune from suit as a facility operated by the State under the auspices of the Missouri Department of Mental Health, and that it is not technically Plaintiff's employer." *Russell v. Bellefontaine Habilitation Ctr.*, No. 4:12CV01849 AGF, 2013 WL 3092293, at *2 (E.D. Mo. June 18, 2013). In that case filed in 2012, plaintiff was afforded leave to substitute the appropriate entity as a defendant. However, plaintiff's claims under Title VII and the ADA fail as a matter of law, and the complaint will be dismissed.

To state a claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff has provided no details to support his claim. He states flatly that the defendants denied him basic accommodations with no other information --- plaintiff does not explain what his disability is, how he was qualified for the work he did, or what accommodation should have been provided. "Threadbare recitals" of the elements supported by mere conclusory statements do not suffice to support a claim under *Iqbal*. 556 U.S. at 678. Here, however, plaintiff has not even recited the elements. Therefore, a claim under the ADA cannot be supported by this complaint.

The same is true for plaintiff's claim under Title VII. A "Title VII plaintiff must show: (1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently." *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004). Plaintiff has not sued any defendant capable of being sued under the statute. As stated above, Bellefontaine is incapable of being sued, and only "employers" may be held liable for discrimination under Title VII. *Grissom v. Waterloo Industries, Inc.*, 902 F. Supp. 867, 869 (E.D. Ark. 1995). Plaintiff's complaint does not show that any of the individual defendants can be held liable as

"employers."[1]  Indeed, plaintiff does not even mention by name either defendants Hargis or Wayer.  To the extent any of the individuals could be considered employers under the statute, plaintiff's allegations do not suffice to state a claim under Title VII.  Plaintiff generically accuses the defendants of harassment and discrimination and falsifying documents, but plaintiff fails to support his claim with any facts that would allow this Court "to draw the reasonable inference that the respondent is liable for the misconduct alleged."  *See Cole*, 599 F.3d at 861.  In sum, the plaintiff's claim fails the United States Supreme Court's "facial plausibility" test, and his complaint will be dismissed.

Dated this __1st__ day of December, 2014.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE

---

[1] Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C.A. § 2000e(b).